UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICHOLAS OVERTON,

    Defendant.

_____/

Violations:
18 U.S.C. § 1343
**(Count 1)**
18 U.S.C. § 1029(a)(5)
**(Counts 2, 4, & 6)**
18 U.S.C. § 1028A(a)(1)
**(Counts 3, 5, 7, & 8)**

**INDICTMENT**

Case: 2:25-cr-20156
Assigned To : Hood, Denise Page
Referral Judge: Altman, Kimberly G.
Assign. Date : 3/18/2025
Description: INDI USA v OVERTON (JP)

THE GRAND JURY CHARGES:

### COUNT ONE
### 18 U.S.C. § 1343
*Wire Fraud*

At all times relevant to this Indictment:

#### Unemployment Insurance

1.    Unemployment insurance ("UI") is a joint state-federal program that provides financial assistance to workers who become involuntarily unemployed and meet certain eligibility requirements. Each state administers its own UI program through its state workforce agency ("SWA").

2.    Generally, UI benefits are funded through employer payroll taxes and supplemented by federal funds appropriated by the U.S. Department of Labor ("DOL"). The DOL also funds administrative costs for SWAs related to the UI

program, including salaries, office expenses, and computer equipment. In addition, in March 2020, the Families First Coronavirus Response Act ("FFCRA"), the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, and the American Rescue Plan Act of 2021 ("ARPA") provided additional federal funding for SWAs to respond to the COVID-19 pandemic.

3. The State of Michigan Unemployment Insurance Agency ("MUIA") administers the State of Michigan's UI benefits program. The New York State Department of Labor ("NYSDOL") administers the State of New York's UI system. The Employment Development Department ("EDD") administers the State of California's UI system. The Department of Economic Security ("DES") administers the State of Arizona's the UI system.

4. Individuals who have lost their jobs can apply to their SWA to receive UI benefits. If such individual meets certain requirements, including having received a sufficient amount of wages prior to separation, they become eligible to receive UI benefits.

5. One way that SWAs receive applications for UI benefits is via the internet through their respective websites. UI benefit applications require the claimant's personal identifying information ("PII"), including their name, date of birth, Social Security number, address, and phone number, among other information.

6. After the SWA processes and authorizes a UI claim, a financial institution, pursuant to a contract with the state government, receives and disburses

2

the authorized UI benefits, either by direct deposit in the account the claimant designates to receive such funds or onto a prepaid debit card (a "UI debit card") mailed to the address included in the claimant's application for benefits. For California claimants, UI benefits administered by the EDD are credited only to UI debit cards.

7. Only UI benefits can be credited to the UI debit cards issued by SWAs. Claimants can use the UI debit cards to make point-of-sale and retail purchases. Claimants can also withdraw UI funds from UI debit cards in cash at automated teller machines ("ATMs").

## Scheme to Defraud

8. From in or around May 2020 through in or around April 2022, both dates being approximate and inclusive, in the Eastern District of Michigan and elsewhere, defendant NICHOLAS OVERTON, knowingly devised and intended to devise a scheme and artifice to defraud various SWAs and to obtain money and property, namely state and federal unemployment insurance benefit money, by means of materially false and fraudulent pretenses and representations ("the scheme"). For the purpose of executing and attempting to execute the scheme and artifice to defraud, defendant NICHOLAS OVERTON transmitted and caused to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, and signals in violation of 18 U.S.C. § 1343.

9. The purpose of the scheme was for NICHOLAS OVERTON to profit by fraudulently obtaining and attempting to obtain UI benefits to which he was not entitled.

## Manner and Means

10. It was part of the scheme that false and fraudulent UI benefit claim applications were submitted via the internet to various SWAs, including the MUIA, NYSDOL, EDD, and DES, among others. The false and fraudulent UI benefit claim applications falsely certified the truth and accuracy of the information included in the applications, as well as the purported claimants' eligibility to receive UI benefits.

11. It was part of the scheme that some of the false and fraudulent UI benefit claim applications were submitted to SWAs outside the State of Michigan using the internet in the Eastern District of Michigan. The submission of these applications caused transmissions of information via interstate wires from the Eastern District of Michigan to SWAs outside the State of Michigan.

   a. In or around February 2021, a false and fraudulent UI benefit claim that used the name and Social Security number of R.L., whose identity is known to the grand jury, was submitted from OVERTON's residential IP address in the Eastern District of Michigan to the NYSDOL.

   b. In or around February 2021, a false and fraudulent UI benefit claim that used the name and Social Security number, and date of birth of J.S., whose identity is known to the grand jury, was submitted from

4

OVERTON's residential IP address in the Eastern District of Michigan to the NYSDOL.

12. It was further part of the scheme that false and fraudulent UI benefit claim applications were submitted that fraudulently used the PII of other people, including names, dates of birth, and Social Security numbers.

   a. In or around May 2020, a false and fraudulent UI benefit claim application was submitted to the MUIA using D.Y.'s PII, whose identity is known to the grand jury, including D.Y.'s name, Social Security number, and date of birth. Another fraudulent and false UI benefit claim application that fraudulently used D.Y.'s PII, including D.Y.'s name, Social Security number, and date of birth, was submitted to the California EDD in or around July 2020.

   b. In or around June 2020, a false and fraudulent UI benefit claim application was submitted to the Arizona DES using R.E.'s PII, whose identity is known to the grand jury, including R.E.'s name and Social Security number. Another false and fraudulent UI benefit claim that fraudulently used R.E.'s PII, including R.E.'s name, Social Security number, and date of birth, was submitted to the California EDD in or around July 2020.

   c. In or around July 2020, a false and fraudulent UI benefit claim application was submitted to the California EDD using A.S.'s PII,

5

whose identity is known to the grand jury, including A.S.'s name, Social Security number, and date of birth.

  d.  In or around July 2021, a false and fraudulent UI benefit claim application was submitted to the California EDD using M.G.'s PII, whose identity is known to the grand jury, including M.G.'s name, Social Security number, and date of birth.

13. It was further part of the scheme that false and fraudulent UI benefit claim applications were submitted using the PII of other people, including dates of birth and Social Security numbers, with small deviations in the spelling of the name of the purported claimant from the name of the person whose date of birth and Social Security number were used.

  a.  In or around July 2020, a false and fraudulent UI benefit claim was submitted to the California EDD using the Social Security number and date of birth of A.D., whose identity is known to the grand jury. The fraudulent claim used A.D.'s last name for the purported claimant's last name and removed one letter from A.D.'s first name for the purported claimant's first name.

  b.  In or around July 2020, a false and fraudulent UI benefit claim was submitted to the California EDD using the Social Security number and date of birth of N.L., whose identity is known to the grand jury. The fraudulent claim used N.L.'s first name for the purported claimant's

6

first name but changed one letter in N.L.'s last name for the purported claimant's last name. Another false and fraudulent UI benefit claim was submitted in or around July 2020 to the Arizona DES using the Social Security number of N.L. The fraudulent claim again used N.L.'s first name but changed one letter in N.L.'s last name for the name of the purported claimant.

14. It was further part of the scheme to cause SWAs, including the EDD and NYSDOL, and their contracted financial institutions, to send UI debit cards to mailing addresses based on false and fraudulent UI claim applications.

15. It was further part of the scheme that SWAs, including the EDD and NYSDOL, through their contracted financial institutions, electronically loaded UI benefit funds on to fraudulently obtained UI debit cards that were sent to mailing addresses.

16. It was further part of the scheme that NICHOLAS OVERTON used fraudulently obtained UI debit cards issued in the names of others for his personal benefit in the Eastern District of Michigan and elsewhere to make point of sale purchases and cash withdrawals at ATMs, which in turn transmitted and caused the transmission of wire communications in interstate commerce. These communications included writings, signs, signals, pictures and sounds for the purpose of executing the scheme.

17.     During the time set forth above, in the Eastern District of Michigan, for the purpose of executing the above-described scheme to defraud, the defendant NICHOLAS OVERTON knowingly transmitted and caused the transmission by means of wire, radio, or television communication, writings, signals, pictures, and sounds in interstate commerce, including wire transmissions from point-of-sale terminals and ATMs in the Eastern District of Michigan to financial institution servers located outside the State of Michigan.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
### 18 U.S.C. § 1029(a)(5)
*Illegal Transactions with an Access Device*

18.     The allegations contained in paragraphs 1 through 17 are incorporated herein by reference as if fully set out in full.

19.     Between on or about July 11, 2020, through on or about July 24, 2020, both dates being approximate and inclusive, in the Eastern District of Michigan and elsewhere, the defendant NICHOLAS OVERTON, knowingly and with intent to defraud effected transactions that affected interstate and foreign commerce with one or more access devices issued to another person, that is, a UI debit card related to a California UI claim issued in the name of D.Y. whose identity is known to the grand jury, to receive payment and any other thing of value during any one-year period, the aggregate value of which was equal to or greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

## COUNT THREE
### 18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

20. The allegations contained in paragraphs 1 through 19 are incorporated herein by reference as if fully set out in full.

21. On or about July 19, 2020, in the Eastern District of Michigan, the defendant NICHOLAS OVERTON, during and in relation to an offense enumerated in 18 U.S.C. § 1028A(c)—that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as alleged in Count One, and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(5), as alleged in Count Two—did knowingly and intentionally possess and use, without lawful authority, a means of identification of another person, that is a UI debit card related to a California UI claim issued in the name of D.Y. whose identity is known to the grand jury, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOUR
### 18 U.S.C. § 1029(a)(5)
*Illegal Transactions with an Access Device*

22. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference as if fully set out in full.

23. Between on or about July 17, 2020 and on or about August 4, 2020, both dates being approximate and inclusive, within the Eastern District of Michigan and elsewhere, the defendant NICHOLAS OVERTON, knowingly and with intent

to defraud effected transactions that affected interstate and foreign commerce with one or more access devices issued to another person, that is, a UI debit card related to a California UI claim issued in the name of R.E. whose identity is known to the grand jury, to receive payment and any other thing of value during any one-year period, the aggregate value of which was equal to or greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

**COUNT FIVE**
**18 U.S.C. § 1028A(a)(1)**
*Aggravated Identity Theft*

24.  The allegations contained in paragraphs 1 through 17 and paragraphs 22 through 23 are incorporated herein by reference as if fully set out in full.

25.  On or about July 22, 2020, in the Eastern District of Michigan, the defendant NICHOLAS OVERTON, during and in relation to an offense enumerated in 18 U.S.C. § 1028A(c)—that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as alleged in Count One, and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(5), as alleged in Count Four—did knowingly and intentionally possess and use, without lawful authority, a means of identification of another person, that is a UI debit card related to a California UI claim issued in the name of R.E. whose identity is known to the grand jury, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

**COUNT SIX**
**18 U.S.C. § 1029(a)(5)**
*Illegal Transactions with an Access Device*

26.     The allegations contained in paragraphs 1 through 17 are incorporated herein by reference as if fully set out in full.

27.     Between on or about July 26, 2020 and on or about August 13, 2020, both dates being approximate and inclusive, within the Eastern District of Michigan and elsewhere, the defendant NICHOLAS OVERTON, knowingly and with intent to defraud effected transactions that affected interstate and foreign commerce with one or more access devices issued to another person, that is, a UI debit card related to a California UI claim issued in the name of A.S. whose identity is known to the grand jury, to receive payment and any other thing of value during any one-year period, the aggregate value of which was equal to or greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

**COUNT SEVEN**
**18 U.S.C. § 1028A(a)(1)**
*Aggravated Identity Theft*

28.     The allegations contained in paragraphs 1 through 17 and paragraphs 26 through 27 are incorporated herein by reference as if fully set out in full.

29.     On or about August 3, 2020, in the Eastern District of Michigan, the defendant NICHOLAS OVERTON, during and in relation to an offense enumerated in 18 U.S.C. § 1028A(c)—that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as alleged in Count One, and Access Device Fraud, in violation of 18 U.S.C. §

1029(a)(5), as alleged in Count Six—did knowingly and intentionally possess and use, without lawful authority, a means of identification of another person, that is a UI debit card related to a California UI claim issued in the name of A.S. whose identity is known to the grand jury, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT EIGHT
### 18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

30. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference as if fully set out in full.

31. On or about February 15, 2022, in the Eastern District of Michigan, the defendant NICHOLAS OVERTON, during and in relation to an offense enumerated in 18 U.S.C. § 1028A(c)—that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as alleged in Count One—did knowingly and intentionally possess and use, without lawful authority, a means of identification of another person, that is a UI debit card related to a California UI claim issued in the name of M.G. whose identity is known to the grand jury, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATIONS

32. The allegations contained in this Indictment are realleged and incorporated by reference to allege forfeiture under Title 18, United States Code,

Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(5), and Title 28, United States Code, Section 2461(c).

33. Upon being convicted of the offense in violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States, under Title 18, United States Code, Section 981(a)(1)(C), together with Title 28, United States Code, Section 2461, any property, which constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such violation.

34. The forfeiture in this case may include entry of a forfeiture money judgment in an amount up to the value of the property subject to forfeiture for the violations of conviction.

35. If, by any act of omission of the defendant, the proceeds of the offenses: cannot be located upon the exercise of due diligence, have been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States Code, Section

853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

JULIE A. BECK
Acting United States Attorney


*s/Mark Chasteen*                    *s/Trevor M. Broad*
Mark Chasteen                        Trevor M. Broad
Chief, White Collar Crime Unit       Assistant United States Attorney

Dated: March 18, 2025

Case: 2:25-cr-20156
Assigned To : Hood, Denise Page
Referral Judge: Altman, Kimberly G.
Assign. Date : 3/18/2025
Description: INDI USA v OVERTON (JP)

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover** |
|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes   ☒ No | AUSA's Initials: TMB  *TMB* |

**Case Title:** USA v. Nicholas Overton

**County where offense occurred :** Wayne and Oakland

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

    ✓ Indictment/____Information --- **no** prior complaint.
    ____Indictment/____Information --- based upon prior complaint [**Case number:**          ]
    ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

March 18, 2025
Date

s/ Trevor M. Broad
Trevor M. Broad
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-0210
Fax:     (313) 226-2873
E-Mail address: trevor.broad@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.